**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Carlos VEGA, a/k/a Misa, a/k/a Misael
Mendez, Defendant—Appellant.**

No. 09–4397.

United States Court of Appeals,
Fourth Circuit.

Submitted: July 14, 2010.

Decided: July 27, 2010.

Andrew R. Mackenzie, Barrett & Mac-
Kenzie, LLC, Greenville, South Carolina,
for Appellant. James Chris Leventis, Jr.,
Office of the United States Attorney, Mark
C. Moore, Stanley Duane Ragsdale, Assis-
tant United States Attorneys, Columbia,
South Carolina, for Appellee.

Before NIEMEYER, GREGORY, and
SHEDD, Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Carlos Vega appeals his 240 month sen-
tence imposed upon his guilty plea to con-
spiracy to distribute and possess with in-
tent to distribute five kilograms or more of
cocaine, fifty grams or more of cocaine
base, and a quantity of marijuana, in viola-
tion of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),
and 841(b)(1)(D) (2006) (Count 1), and pos-
session with intent to distribute and distri-
bution of marijuana, in violation of 21
U.S.C. §§ 841(a)(1) and 841(b)(1)(D)
(Count 43). Vega's attorney has filed a
brief pursuant to *Anders v. California,* 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), asserting that there are no merito-
rious issues on appeal, but contending the
district court erred in enhancing Vega's
sentence pursuant to 21 U.S.C § 851
(2006), in violation of Vega's Sixth Amend-
ment right to a jury trial. Though in-
formed of his right to do so, Vega has not
filed a pro se supplemental brief, and the
Government has declined to file a brief.
We affirm.

We review a sentence for reasonable-
ness under an abuse-of-discretion stan-
dard. *Gall v. United States,* 552 U.S. 38,
50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
When determining whether a sentence is
reasonable, the district court's legal con-
clusions are reviewed de novo, while factu-
al findings are reviewed for clear error.
*United States v. Allen,* 491 F.3d 178, 193
(4th Cir.2007). "Other than the fact of a
prior conviction, any fact that increases
the penalty for a crime beyond the pre-
scribed statutory minimum must be sub-
mitted to a jury and proved beyond a
reasonable doubt." *Apprendi v. New Jer-
sey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147
L.Ed.2d 435 (2000). However, in compli-
ance with *Apprendi,* judges may find facts
increasing the mandatory minimum sen-
tence faced by a defendant, so long as the
sentence remains below the statutory max-
imum. *See Harris v. United States,* 536
U.S. 545, 565, 122 S.Ct. 2406, 153 L.Ed.2d
524 (2002). After reviewing the record, we
find that the district court did not err in
enhancing Vega's sentence due to Vega's
prior felony drug conviction.

We have reviewed the record in accor-
dance with *Anders,* and find that there are
no meritorious issues for appeal. Accord-

ingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED.*